IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01508-WYD-BNB

THE SOCIETY OF LLOYD'S,

     Plaintiff(s),

v.

RAYMOND C. LEE and
KATHERINE T. LEE,

     Defendant(s).

---

## ORDER

---

### I.   INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and 12(b)(1), filed December 5, 2006 (docket #14).  This is a fraudulent transfer action concerning the transfer of title and ownership of certain real and personal property from Defendant Raymond C. Lee to Defendant Katherine T. Lee. Plaintiff, The Society of Lloyd's ("Lloyd's"), brings claims for violation of the Colorado Uniform Fraudulent Transfers Act, C.R.S. § 38-8-101, et seq. (2006) ("CUFTA"), and for Civil Conspiracy.

According to the Complaint, Lloyd's is a regulator of an English insurance market.  Mr. Lee was a member of one or more of Lloyd's syndicates, traditionally called "Names" and, as such, was personally liable for loses suffered by those syndicates.  Complaint at ¶¶ 7-8.  In the early 1980's, several syndicates began to

suffer heavy losses, and Equitas Reinsurance Ltd. ("Equitas") was established to act as

reinsurer for the syndicates.  Equitas then issued premium assessments to the Names.

Complaint at ¶¶ 9-10.  Various Names, including Mr. Lee, challenged the assessments,

but on October 6, 2000, the High Court of Justice, Queen's Bench Division Commercial

Court in London, England, entered a money judgment in favor of Lloyd's against Mr.

Lee for the premium assessments made by Equitas  (the "English Judgment").

Complaint at ¶¶ 10-12.  Lloyd's sought to domesticate the English Judgment in this

Court in 2002, and on August 11, 2005, Judgement entered in favor of Lloyd's and

against Mr. Lee in the amount of £85,130.11, as well as post-judgment interest in the

amount of 8% per annum, compounded annually.  Complaint at ¶¶ 13-14.  As of June

23, 2006, the total amount of the judgment against Mr. Lee was approximately

$175,335.57.  Complaint at ¶ 15.

In the Complaint, Lloyd's asserts that in June and August of 1991, Mr. Lee

executed quit-claim deeds of his ownership interest in real property located at 6914

Briarwood Dr., Englewood, Colorado (the "Briarwood property") and 5164 Princeton

Avenue, Englewood Colorado (the "Princeton property") to his wife, Defendant

Katherine T. Lee.  Complaint at ¶¶ 91, 21.  Lloyd's further asserts that in 2004, Mr. Lee

transferred funds of approximately $41,071.00 to Mrs. Lee.  Complaint at ¶ 22.  Lloyd's

seeks to void transfer of the Princeton property, and requests an Order declaring that

transfer of the Briarwood property and transfer of the $41,071 in funds were conducted

with "actual intent to hinder, delay, or defraud a creditor and that Katherine T. Lee is

liable to Lloyd's for the value of the improper transfer, which would be used to satisfy

the outstanding judgments against Mr. Lee." Complaint at ¶¶ at 1-3, Prayer for Relief.

Lloyd's commenced the instant action on August 2, 2006.

In the motion to dismiss, Defendants assert that Lloyd's claims for fraudulent

transfer of the real property have been extinguished pursuant to C.R.S. § 38-8-110 of

the CUFTA, and must be dismissed. Defendants further assert that Lloyd's remaining

claim for fraudulent transfer of the $41,071 in funds is below the jurisdictional minimum

for diversity jurisdiction and, if the claims for fraudulent transfer of real estate are

dismissed, then the remaining claim concerning transfer of funds must also be

dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

II.     STANDARD OF REVIEW

        A.     Rule 12(b)(6)

        In ruling on a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the

court "'must accept all the well-pleaded allegations of the complaint as true and

construe them in the light most favorable to the plaintiff.'" *David v. City and County of*

*Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997)

(quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "A complaint may

be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only 'if the plaintiff can prove no set of

facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez*, 54 F.3d 488, 490

(10th Cir. 1995)).

        If, accepting all well-pleaded allegations as true and drawing all reasonable

references in favor of plaintiffs, it appears beyond doubt that no set of facts entitle

plaintiffs to relief, then the court should grant a motion to dismiss. *See Tri-Crown, Inc.*

*v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

      B.    <u>Rule 12(b)(1)</u>

Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Where there is a facial attack, the Court must look to the factual allegations of the Complaint. *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). In a factual attack, the court may consider matters outside the pleadings, and the motion is not converted to a motion for summary judgment. *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992). "The trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56." *Osborn v. United States*, 918 F.2d 724, 730 (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

III.    ANALYSIS

      Defendants first assert that Lloyd's claims for fraudulent transfer of real property have been extinguished pursuant to C.R.S. § 38-8-110(1)(a), which provides:

> (1) A cause of action with respect to a fraudulent transfer or obligation under this article is extinguished unless action is brought:
>
> (a) under section 38-8-105(1)(a), within four hears after the transfer was made or the obligation was incurred <u>or</u>, if later,

<u>within one year after the transfer or obligation was or could
reasonably have been discovered by the claimant</u>.

(Emphasis added). As the transfers at issue took place in 1991, clearly, Lloyd's claims
are clearly outside the four-year provision. However, Lloyd's alleged in its Complaint
that "[t]his action was filed within the one year time period applicable under §
110(1)(a)." Complaint at ¶ 29. As discussed above, Lloyd's commenced the instant
case on August 2, 2006. Defendants note that the 1991 transfers of real estate were
made by quitclaim deed, and Lloyd's does not allege that such deeds were unrecorded
or otherwise hidden. According to Defendants, Lloyd's should have discovered the
transfers in October, 2000, when it obtained its English Judgment, or at the latest by
2002, when it sought to domesticate the English Judgment in federal district court in
Colorado.

In Response, Lloyd's contends that, "[f]or purposes of applying the statute of
limitations applicable to fraudulent conveyance actions . . . Colorado has always drawn
a distinction between general creditors and judgment creditors." Rsp. at 4-5.
According to Lloyd's, until a foreign judgment has been recognized, the holder of the
judgment is considered a general creditor, and general creditors are not charged with
constructive notice of potentially fraudulent transfers. Lloyd's reasons that it is not
charged with knowledge of the real property transfers at issue until August 11, 2005,
when Judge Blackburn entered his final order recognizing the validity of the English
Judgment. According to Lloyd's, it had until August 11, 2006, to bring its claims under
the CUFTA.

Lloyd's is correct that, prior to adoption of the CUFTA in 1991[1], Colorado courts held that the general three-year statute of limitations applicable to an action for fraudulent conveyance brought pursuant to C.R.S. § 38-10-117, does not accrue until the date the creditor has obtained a judgment on the underlying obligation.  *Hill v. Walden (In re Walden)*, 207 B.R. 1, 4 (D. Colo. 1997).  In such cases, the Colorado Supreme Court has found that "a creditor is chargeable with constructive notice of an allegedly fraudulent conveyance . . . when the creditor becomes a judgment creditor and that the statute of limitations begins to run from this date."  *Munoz v. Munoz*, 111 B.R. 928, 932 (D. Colo. 1990) (citing *Greco v. Pullara*, 166 Colo. 465, 444 P. 2d 383, 384 (1968)).  However, Lloyd's reliance on this case law is misplaced.  Lloyd's has asserted claims under the CUFTA, not C.R.S. § 38-10-117, and none of the cases cited by Lloyd's discuss the specific limitation provisions set forth in § 38-8-110(1)(a).

In order to determine if Lloyd's claims are timely under the CUFTA, I must decide whether the claims were brought "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant," as set forth in section 110(1)(a).  While Colorado courts have yet to construe this portion of the CUFTA, I note that several courts in other UFTA jurisdictions have found that the phrase "could reasonably have been discovered" refers to the time when an objectively reasonable claimant could have discovered the transfer.  *SASCO v. Zudkewich*, 767 A.2d 469, 474 (N.J. 2001); *see also Gulf Ins. Co. v. Clark*, 20 P.3d 780, 784, 788 (Mont. 2001).

---

[1]C.R.S. § 38-10-117(2) states that "[t]his section shall not apply to any transfer made or obligation incurred on or after July 1, 1991 . . .."

-6-

In *SASCO*, a case involving a transfer of real property, the New Jersey Supreme Court applied the "objectively reasonable" standard and found that a reasonable creditor would have performed an asset search and discovered the real property transfer when the debtor defaulted on its obligation.  The court rejected an argument that a reasonable commercial creditor would not perform an asset until it obtained a judgment against the debtor.  *SASCO*, 767 A.2d at 475-76; *see also First Southwestern Financial Services v. Pulliam*, 912 P.2d 828, 831 (N.M. App. 1996) (a reasonable creditor would have inquired into real estate records of debtor when the right to payment arose).  The court reasoned that adopting a contrary rule would allow creditors to defer their UFTA claims until after a judgment had been obtained and would "undermin[] the core purposes of a statute of limitations, eliminating stale claims and creating repose."  *Id.* at 476.

I agree with the courts' reasoning in *SASCO* and *Pulliam* and conclude that a reasonable creditor should be charged with knowledge of a recorded real property transfer when the "right to payment" arose.  Under the facts of this case, an reasonable creditor in Lloyd's position could have discovered the 1991 transfers when it obtained its English Judgment on October 6, 2000, and was certain that the "Names" were liable for the premium assessments issued by Equitas.  A reasonable creditor in Lloyd's position would have commenced an asset search at the very latest by 2002, prior to initiating suit to domesticate its foreign Judgment in federal district court in Colorado.  I reject Lloyd's argument that it was reasonable for them to wait six-years after Mr. Lee's liability for the Equitas assessments arose before performing an asset search that

would have uncovered the 1991 real property transfers.

In conclusion, I find that Lloyd's claims for fraudulent transfer of the Briarwood property and the Princeton property have been extinguished pursuant to C.R.S. § 38-8-110 of the CUFTA, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  I further find that Lloyd's remaining state law claim for fraudulent transfer of funds of approximately $41,071.00 to Defendant Katherine Lee must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, as the amount in controversy no longer exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

IV.   CONCLUSION

For the reasons set forth herein, it is hereby

ORDERED that Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and 12(b)(1), filed December 5, 2006 (docket #14) is **GRANTED**.  It is

FURTHER ORDERED that Plaintiff's claims based on the alleged 1991 fraudulent transfers of real property are **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Plaintiff's claims based on the alleged fraudulent transfer of approximately $41,071.00 in funds is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Dated:  July 23, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

-8-